IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS – SRINGFIELD DIVISION

| | |
|---|---|
| RYAN Z. BEGLEY, | ) |
| | ) |
|    Plaintiff, | )    Case No: |
| | ) |
| v. | )    JURY DEMAND |
| | ) |
| VERMILION COUNTY SHERIFF DEPARTMENT; PATRICK HARTSHORN in his Individual and Official Capacity As Sheriff of VERMILION COUNTY; SERGEANT KEVIN MASKEL in his Individual and Official Capacity as an employee of the Sheriff; SERGEANT WOLARTH, in his Individual and Official Capacity as an employee of the Sheriff; UNKNOWN VERMILION COUNTY SHERIFF's DEPARTMENT EMPLOYEES, and the COUNTY OF VERMILION, | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, RYAN Z. BEGLEY, by his attorneys, Patrick E. Halliday of HALLIDAY LAW, LLC, and complaining of Defendants, VERMILION COUNTY SHERIFF DEPARTMENT; PATRICK HARTSHORN, in his individual and official capacity as Sheriff of Vermilion County; SERGEANT KEVIN MAKEL, in his individual and official capacity as an employee of the Sheriff; SERGEANT WOLARTH, in his individual and official capacity as an employee of the Sheriff; and UNKNOWN VERMILION COUNTY SHERIFF's DEPARTMENT EMPLOYEES and the COUNTY OF VERMILION.  In support thereof, Plaintiff states as follows:

### Introduction

1. Plaintiff, Ryan Z. Begley, was nearly killed by an inmate at Vermilion County Jail for failure to comply with a dangerous inmate's request for commissary money and personal items. Plaintiff had no ability to provide any credit to the threatening inmate and as a result, his life was

threatened for failure to make good on said requests. As a result, after the threat was made, Plaintiff contacted the correctional officers, including MASKEL and WOLARTH, on several occasions on the evening of June 18th and morning of June 19th, 2018, to request protective custody and protection from the imminent danger and threats on his life. Nothing was done by the correctional officers and/or Sgts on staff on June 18th and June 19th. Despite reported threats to his life to the Defendant Corrections Officers and Employees of the Vermilion County Sheriff including MASKEL and WOLARTH, Plaintiff was again threatened and attacked and forced to jump off the upper tier of the facility which resulted in severe and debilitating injuries. These officers failed to protect him, and, in short, the vicious attack on Mr. Begley was entirely foreseeable, Vermilion County officials deliberately ignored his pleas for help, and they are thus liable for the severe physical injuries Mr. Begley sustained in the form of a numerous broken and shattered bones in his lower extremities as well as severe

emotional distress.

2. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Laws of the State of Illinois.

**Jurisdiction and Venue**

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) and (c). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

**The Parties**

5.      Plaintiff, Ryan Begley, is currently on probation and no longer incarcerated in any facility within Illinois.

6.      At the time of the events at issue in this case, Mr. Begley was incarcerated and detained for a parole violation at Vermilion County Jail in the City of Danville, County of Vermilion, State of Illinois.

7.      Vermilion County Jail is operated by the County Sheriff, Patrick Hartshorn, and its Office including its deputies, correctional officers and employees including Sgt. Maskel and Sgt. Wolarth. Plaintiff informed additional employees of the Sheriff's Department of Vermilion County but their names are unknown at the present time.

8.      At all times relevant to the events at issue in this case, Defendants MASKEL and WOLARTH and unknown employees were employed by the SHERIFF OF VERMILION COUNTY in the capacity for VERMILION COUNTY JAIL. As such, Defendants PATRICK HARTSHORN, MASKEL and WOLARTH and unknown employees were acting under color of law. Defendants, PATRICK HARTSHORN, MASKEL and WOLARTH and unknown employees are sued in their individual and official capacities as employees of the Sheriff of Vermilion County and its Jail in Danville, Illinois.

9.      At all times relevant to the events at issue in this case, Defendants, PATRICK HARTSHORN, MASKEL and WOLARTH and unknown employees promulgated rules, regulations, policies, and procedures as Warden and Sheriff of Vermilion County Jail for the training, supervision, and discipline of correctional officers with respect to, among other things: (1) institutional security; (2) institutional safety, including the safety of inmates; (3) searches of inmate cells; (4) searches for contraband, including weapons; (5) responding to and/or dealing with and/or investigating inmate concerns about their personal safety, including being attacked by other

inmates; (6) responding to and/or dealing with and/or investigating inmate threats against other inmates; (7) communicating threats against inmates to other personnel at Vermilion County Jail; (8) inmate discipline; (9) inmate movement within the facility, including housing assignments; and (10) segregation. The policies of Defendant Sheriff of Vermilion County Patrick Hartshorn Defendants MASKEL and WOLARTH and unknown employees were implemented by and through Vermilion County Sheriff employees, including the individual Defendant Correctional Officers and unknown employees of the Sheriff's office.

10. At all times relevant to the events at issue in this case, Defendant, Sheriff of Vermilion County, Patrick Hartshorn, were the final policymakers for the Vermilion County Jail.

11. At all times relevant to the events at issue in this case, Defendants MASKEL and WOLARTH and unknown employees other unknown personnel, were employed by the Sheriff of Vermilion County and worked at Vermilion County Jail as Correctional Officers and/or employees of the Sheriff. As such, these Defendants were acting under color of law.

**Factual Background**

12. On June 18 and 19, 2018, while confined at the Vermilion County Jail, a facility operated by the Vermilion County Sheriff, Patrick Hartshorn and staff, with a long history of pervasive and well-documented violence, Plaintiff discovered and became aware of a threat against his life that was the culmination of weeks long harassment by a known dangerous inmate Maurice Brooks.

13. On June 18, 2018, fearful for his life, Plaintiff informed Defendant Correctional Officers through the cell intercom system that Maurice Brooks had made several threats against him and his cellmate and that he potentially had a weapon.

14. That on and prior to June, 19, 2018, and at all times material, Plaintiff was frequently harassed and threatened by Maurice Brooks and as a result, Maurice Brooks made demands upon Plaintiff and others for money transfer in commissary credit and for regularly strong arming Plaintiff food during his meals.

15. At all times material, Plaintiff was unable to make credit and/or money available to Maurice Brooks and, as a result, on June 18, 2019, Maurice Brooks again threatened the life of Plaintiff.

16. As a result of the death threat and potential serious bodily harm to Plaintiff, on June 18, 2018, Plaintiff began contacting through the intercom system in his cell the correctional officers and sergeants in the pod where he was housed to inform them of threats.

17. Plaintiff made Defendants aware of the threats on multiple occasions between late evening of June 18, 2018 and June 19, 2019.

18. That Plaintiff's cellmate and others were aware, heard and witnesses the distress calls for help regarding the safety of Plaintiff and death threats made.

19. All attempts for protection and pleas for help fell on deaf ears and nobody within the Vermilion County Jail investigated and/or took measures to secure the safety of Plaintiff.

20. On June 19, 2018, after again reporting the threats to Defendants, Plaintiff went to provide Maurice Brooks with the demanded food, but again, Plaintiff could not provide money to Brooks.

21. As a result, Maurice Brooks took out a homemade metal knife or "shank" and forced Plaintiff to jump off the top tier of the pod in which he was housed or be stabbed to death.

22. As a result of the fall, Plaintiff sustained severe and debilitating injuries

23.     At all times material, Defendants were well aware that the pod that Plaintiff resided housed the most violent and dangerous inmates at Vermilion County Jail, including Maurice Brooks.  Defendants were also aware, or should have been aware, that Plaintiff did not belong in this section of the jail since he was detained on a petty parole violation and not considered a dangerous threat to anyone.

24.     Rather than taking any steps to investigate the threat to Plaintiff's life, or to protect Plaintiff from being assaulted, Defendants dismissed Plaintiff's concerns.  When Plaintiff again explained that he feared for his life, Defendants informed Plaintiff that he needed to wait until the Sergeants returned.  However, despite multiple contacts nothing was done.

25.     Having failed to get any help whatsoever from Defendants he spoke to through the intercom system in the pod, Plaintiff then informed a number of other staff members as well as an unknown officers, of the threat upon his life.

26.     Rather than taking any steps to investigate the threat to Plaintiff's life or to protect Plaintiff from being assaulted, Defendants told Plaintiff to wait until later.  This despite the fact that Plaintiff had even identified Maurice Brooks as an immediate threat to him.

27.     After the attack, Plaintiff was taken to the hospital and then sent to Carle Hospital where he was treated for severe and debilitating injures including multiple broken and crushed bones in his feet and legs.

## Legal Claims

## Count I – 42 U.S.C. § 1983 Failure to Intervene (Eighth Amendment)

28.     Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

29. As described more fully above, Defendants had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had they been so inclined, but failed to do so.

30. Defendants failed to intervene despite their clear knowledge of the immediate harm likely to befall Plaintiff as a result of their actions in failing to place Plaintiff in a part of the jail where he would have been reasonably safe.

31. Defendants' failures to act were objectively unreasonable, intentional, done with malice, and/or reckless indifference to Plaintiff's rights.

32. Alternatively, Defendants were deliberately indifferent to the harm likely to befall Plaintiff, and their failure to act was undertaken with malice, willfulness, and the deliberate indifference to Plaintiff's rights.

33. The failure to intervene to protect Plaintiff constitutes deliberate indifference to Plaintiff's safety and rights. This deliberate indifference violates Plaintiff's rights under the Eighth Amendment of the United States Constitution.

34. As a direct and proximate result of Defendants' misconduct, Plaintiff's rights were violated and he suffered injury, pain, suffering, and emotional distress.

35. Plaintiff's injuries were caused by employees of the Sheriff of Vermilion County and thereby Vermilion County Jail, including, but not limited to, the individually named Correctional Officer Defendants, who acted pursuant to the policies and practices of the Sheriff and of the Vermilion County Jail.

### **Count II – 42 U.S.C. § 1983 Failure to Protect (Eighth Amendment)**

36. Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

37. As described more fully above, Defendants were deliberately indifferent to the serious risk that Plaintiff would be subject to assault by Maurice Brooks due to: the high security threat level of this inmate; statements from this inmate that they wanted to harm Plaintiff; the known threats observed by other inmates; and Plaintiff reporting to Defendants the threats made against his life.

38. Each of the Defendants knew that Plaintiff suffered an imminent risk of harm.

39. Despite this knowledge, Defendants, individually and collectively, failed to protect Plaintiff from predictable and preventable harm at the hands of another inmate, Maurice Brooks, at Vermilion County Jail.

40. Each of these Defendants could have acted to prevent the harm to Plaintiff, but failed to do so.

41. Defendants' failures to act were objectively unreasonable, intentional, done with malice, and/or reckless indifference to Plaintiff's rights.

42. Alternatively, Defendants were deliberately indifferent to the harm likely to befall Plaintiff, and their failure to act was undertaken with malice, willfulness, and the deliberate indifference to Plaintiff's rights.

43. The failure to protect Plaintiff constitutes deliberate indifference to Plaintiff's safety and rights. This deliberate indifference violates Plaintiff's rights under the Eighth Amendment of the United States Constitution.

44. As a direct and proximate result of Defendants' misconduct, Plaintiff's rights were violated and he suffered injury, pain, suffering, and emotional distress.

45. Plaintiff's injuries were caused by employees of the Sheriff of Vermilion County and its Vermilion County Jail, including, but not limited to, the individually named Correctional

Officer Defendants, who acted pursuant to the policies and practices of the Sheriff and its County Jail.

### Count III – 42 U.S.C. § 1983 Conditions of Confinement (Eighth Amendment)

46.     Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

47.     As described more fully above, Defendants had notice of Plaintiff's dangerous conditions of confinement, including, but not limited to, the threats made my inmate Maurice Brooks, and by being housed in close proximity to the same, and yet, they refused to alleviate these conditions in any way.

48.     Defendants' failures to act were objectively unreasonable, intentional, and done with malice and/or reckless indifference to Plaintiff's rights.

49.     Alternatively, Defendants were deliberately indifferent to the danger posed and harm likely to befall Plaintiff, and their failure to act was undertaken with malice, willfulness, and the deliberate indifference to Plaintiff's rights.

50.     The failure to alleviate these dangerous conditions of confinement constitutes deliberate indifference to Plaintiff's safety and rights. This deliberate indifference violates Plaintiff's rights under the Eighth Amendment of the United States Constitution.

51.     As a direct and proximate result of Defendants' misconduct, Plaintiff's rights were violated and he suffered injury, pain, suffering, and emotional distress.

52.     Plaintiff's injuries were caused by employees of the Sheriff of Vermilion County and Vermilion County Jail, including, but not limited to, the individually named Correctional Officer Defendants, who acted pursuant to the policies and practices of the Sheriff and its County Jail.

### Count IV – 42 U.S.C. § 1983 Substantive Due Process (County Created Danger)

53. Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

54. As described more fully above, the actions of Defendants caused and/or increased the danger of Maurice Brooks committing harm, housing Plaintiff in Vermilion County's 4th pod/floor, housing Plaintiff in close proximity to inmates they knew, or had reason to know, posed a serious and imminent threat of harm to Plaintiff, ignoring Plaintiff's pleas for help despite the immediate threat of harm posed to Plaintiff by Maurice Brooks in the immediate vicinity.

55. Defendants' actions were objectively unreasonable, intentional, and done with malice and/or reckless indifference and/or conscious disregard to Plaintiff's rights.

56. Defendants' failure to protect Plaintiff "shocks the conscience" in that Defendants failed to take seriously or in any way respond to the threat posed to Plaintiff. Indeed, the actions of Defendants, including making it known that Plaintiff was a snitch, and placing him in an area of the prison that also housed inmates that they knew, or should have known, posed a serious and imminent threat to Plaintiff, increased the danger posed to Plaintiff by these inmates.

57. As a direct and proximate result of Defendants' misconduct, Plaintiff's rights were violated and he suffered injury, pain, suffering, and emotional distress.

58. Plaintiff's injuries were caused by employees of the Sheriff of Vermilion County, including, but not limited to, the individually named Correctional Officer Defendants, who acted pursuant to the policies and practices of the Sheriff and its County Jail.

### Count V – State Law Claim: Intentional Infliction of Emotional Distress

59. Each paragraph of this Complaint is incorporated as if restated fully herein.

60. In the manner described more fully above, by failing to intervene to prevent this assault, the Defendants engaged in extreme and outrageous conduct.

61. Defendants' actions set forth above were rooted in an abuse of power or authority.

62. Defendants' actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

63. Defendants' actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of others.

64. The misconduct described in this Count was undertaken by Defendants within the scope of their employment such that their employer, the Sheriff of Vermilion County and its facility Vermilion County Jail, is liable for their actions.

65. As a direct and proximate result of this misconduct, Plaintiff suffered injuries, including severe emotional distress.

66. As a direct and proximate result of this misconduct, undertaken pursuant to the policy and practice of Wardens Hutchinson, Harrington, and Atchison, Plaintiff sustained bodily and other injuries, including, but not limited to, a reasonable apprehension of great bodily harm.

## Count VI – State Law Claim: Negligent or Willful and Wanton Conduct

67. Each paragraph of this Complaint is incorporated as if restated fully herein.

68. In the manner described more fully above, the actions of Defendants breached the duty of care owed to detainees in their care. They did so by failing to intervene to prevent this assault.

69. Alternatively, the actions of Defendants were willful and wanton in that they demonstrated an utter indifference to the safety of others. Defendants were conscious that an injury would probably result from the above-described course of action and recklessly disregarded the consequences of those actions.

70. As a direct and proximate result of Defendants' negligence and/or willful and wanton conduct, Ryan Begley suffered injuries, including severe emotional distress.

### Count VII – State Law Claim: Respondeat Superior

71. Each paragraph of this Complaint is incorporated as if restated fully herein.

72. In committing the acts alleged in the preceding paragraphs, Defendant Officers both known and unknown, were employees, members, and agents of the Sheriff of Vermilion County and/or Vermilion County Jail acting at all relevant times within the scope of his or her employment.

73. Sheriff of Vermilion County Patrick Hartshorn and the office Deputies are liable as principals for all torts committed by their agents.

### Count VIII – State Law Claim: Indemnification

74. Each paragraph of this Complaint is incorporated as if restated fully herein.

75. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

76. Defendant Officers are or were employees of the Sheriff of Vermilion County, who acted within the scope of their employment in committing the misconduct described above within the Vermilion County Jail.

77. Defendants are obligated to pay any judgment entered against Defendants in an official capacity.

WHEREFORE, Plaintiff, RYAN Z. BEGLEY, respectfully requests that this Court enter a judgment in his favor and against Defendants, VERMILION COUNTY SHERIFF DEPARTMENT; PATRICK HARTSHORN, in his individual and official capacity as Sheriff of Vermilion County; SERGEANT KEVIN MAKEL, in his individual and official capacity as an

employee of the Sheriff; SERGEANT WOLARTH, in his individual and official capacity as an employee of the Sheriff; and UNKNOWN VERMILION COUNTY SHERIFF's DEPARTMENT EMPLOYEES and the COUNTY OF VERMILION, awarding compensatory damages, including medical, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, RYAN Z. BEGLEY, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

By: s/Patrick E. Halliday_____
*Attorney for Plaintiff*

Patrick E. Halliday (ARDC: 6281828)
Halliday Law, LLC
1225 N. North Street
Peoria, IL 61606
T: (309) 402-0001
F: (309) 673-1201
patrick@hallidaylegal.com